UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE TEXIDOR and AUDREY TEXIDOR, as parents
and natural guardians of M.T., an infant under the
age of 14 years, and SHEILA WALLACE and NORRIS
WALLACE, as parents and natural guardians of K.W.,
an infant under the age of 14 years,

                Plaintiffs,

                COMPLAINT AND
- against -                JURY TRIAL DEMAND

P.O. "JOHN DOES" 1-2, DETECTIVE JAMES
PETRUZZI, Shield No. 5882, P.O. EDWIN SEPULVEDA,
Shield No. 744, COMMANDING OFFICER OF THE
107th PRECINCT and THE CITY OF NEW YORK,

                Defendants.
-----------------------------------------------------------------X

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y
★ FEB 22 2012 ★
BROOKLYN OFFICE

CV 12-867
ROSS, J.
GO, M.J.

Plaintiffs, JOSE TEXIDOR and AUDREY TEXIDOR as parents and natural guardians of M.T., an infant under the age of 14 years, and SHEILA WALLACE and NORRIS WALLACE, as parents and natural guardians of K.W., an infant under the age of 14 years, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.     Plaintiffs, invoking the pendent jurisdiction of this Court, also seek compensatory and punitive damages for false arrest.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiffs, JOSE TEXIDOR and AUDREY TEXIDOR, were and are natural persons, resident in the County of Queens, City and State of New York and were and are the parents and natural guardians of infant plaintiff M.T.

8. At all times relevant hereto, infant plaintiff M.T. was and is a natural person under the age of 14 years, having been born on August 27, 1999, resident in the County of Queens, City and State of New York.

9. At all times relevant hereto, plaintiffs, SHEILA WALLACE and NORRIS WALLACE, were and are natural persons, resident in the County of Queens, City and State of New York and were and are the parents and natural guardians of infant plaintiff K.W.

10. At all times relevant hereto, infant plaintiff K.W. was and is a natural person under the age of 14 years, having been born on November 17, 1998, resident in the County of Queens, City and State of New York.

11. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-2 were and are natural persons, employed as police officers by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant DETECTIVE JAMES PETRUZZI, Shield No. 5882, (hereinafter "PETRUZZI") was and is a natural person, presently employed as a detective by the Police Department of defendant CITY OF NEW YORK. At the time of the incident alleged herein, defendant PETRUZZI was employed as a police officer and had Shield No. 7688.

13. At all times relevant hereto, defendant P.O. EDWIN SEPULVEDA, Shield No. 744 (hereinafter "SEPULVEDA") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant COMMANDING OFFICER OF THE 107TH PRECINCT was and is a natural person, employed as the commanding officer of the 107th Precinct by defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

16. On or about October 19, 2010, this date being within ninety (90) days after the claims herein sued upon accrued, the parents of each infant plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

17. More than thirty (30) days have elapsed since the aforesaid verified notices of claim was served and the Comptroller has neglected and refused to make payment of said claim.

18. This action is commenced prior to either of the infant plaintiffs having reached the age of eighteen years.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS JOHN DOES 1 and 2,
## PETRUZZI, SEPULVEDA and
## <u>COMMANDING OFFICER OF THE 107TH PRECINCT</u>
## (42 U.S.C. §1983)

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20. At all times relevant hereto, the infant plaintiffs resided in a three-story apartment building that is one structure with two street addresses and two front entrances (hereinafter "subject premises").

21. On or about October 6, 2010, at approximately 5:10 P.M., the two infant plaintiffs and a third boy, who is not a party to this lawsuit, decided to retrieve a football that the infant plaintiff K.W. had seen someone throw onto the roof of the subject premises on the previous evening.

22. Using the fire escape in the rear of the subject premises, the two infant plaintiffs and the third boy commenced to climb up to the roof.

23. Infant plaintiff K.W. and the third boy reached the roof but did not see the football they were looking for.

24. Infant plaintiff M.T., while standing on the fire escape, below infant plaintiff K.W. and the other boy, noticed a woman who resides at the subject premises observing them.

25. The third boy stated that he heard the aforementioned woman evidently engaged in a telephone conversation with the police describing the three of them.

26. The two infant plaintiffs and the third boy descended the fire escape and headed for their respective homes.

27. As infant plaintiff M.T. began to walk into the front entrance of the section of the subject premises where he lives, he was stopped by defendants JOHN DOES 1 and 2.

28. Questioned as to where he lived by defendants JOHN DOES 1 and 2, he responded and pointed out his building.

29. Nevertheless, infant plaintiff M.T. was placed in handcuffs.

30. Almost immediately, infant plaintiff M.T.'s parents walked over to defendants JOHN DOES 1 and 2, identified themselves and stated that they lived in the subject premises.

31. At this time, infant plaintiff K.W. had already arrived home.

32. Infant plaintiff K.W. looked out the window of the apartment where he lives with his parents and saw that infant plaintiff M.T. had been stopped by defendants JOHN DOES 1 and 2.

33. Infant plaintiff K.W. immediately proceeded downstairs, went outside and approached defendants JOHN DOES 1 and 2 and infant plaintiff M.T.

34. Defendants JOHN DOES 1 and 2 asked infant plaintiff M.T. if infant plaintiff K.W. had been on the roof with him.

35. When infant plaintiff M.T. would not answer, infant plaintiff K.W. stated that he had been on the roof with the other two boys.

36. Defendants JOHN DOES 1 and 2 asked infant plaintiff K.W. his name, address and age.

37. Infant plaintiff K.W. responded to the inquiries.

38. Defendants JOHN DOES 1 and 2 handcuffed infant plaintiff K.W.

39. Infant plaintiff K.W.'s father approached defendants JOHN DOES 1 and 2 and told them that infant plaintiff K.W. was his son.

40. After having been made to sit on the sidewalk, handcuffed, for a period of time, the infant plaintiffs were driven, in separate Police Department motor vehicles, to the stationhouse of the 107th Precinct.

41. At the stationhouse of the 107th Precinct, each of the infant plaintiffs, while handcuffed to a chair, was questioned for approximately forty-five minutes by defendant PETRUZZI.

42. At approximately 8:45 P.M., the two infant plaintiffs were released from custody.

43. By letters dated July 21, 2011, the parents of the infant plaintiffs were informed that a report of the incident allegedly accusing each of the infant plaintiffs of trespass had been made and would remain in the records of the New York City Police Department until each infant plaintiff's seventeenth or eighteenth birthday. The letter was signed by COMMANDING OFFICER OF THE 107TH PRECINCT and listed defendant SEPULVEDA as the police officer to contact with regard to the report.

44. Defendants PETRUZZI and JOHN DOES 1-6 violated the infant plaintiffs' rights to the due process of law guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, falsely placed them under arrest.

45. Defendants COMMANDING OFFICER OF THE 107TH PRECINCT and SEPULVEDA violated the infant plaintiffs' rights to the due process of law guaranteed to them by the fourteenth amendment to the Constitution of the United States in that, they,

without any cause or provocation whatsoever, prepared reports that remain on file with the New York City Police Department and that falsely allege that they each committed an act of trespass on October 6, 2010.

46. Because of the aforesaid acts committed by the individual defendants hereto, each infant plaintiff suffered a deprivation of his right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of his personal liberty, public embarrassment and humiliation and severe mental and emotional stress, for which treatment was provided and lost time from his schooling.

47. By reason of the unconstitutional and illegal actions taken against each of the infant plaintiffs by the individual defendants hereto, each infant plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages and, in addition, seeks an order of this court directing that the reports alleging that the infant plaintiffs committed a trespass on October 6, 2010, be immediately and permanently expunged.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT PETRUZZI, JOHN DOES 1 and 2
### AND THE CITY OF NEW YORK
### (False Arrest)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49. On or about October 6, 2010, at approximately 5:10 P.M., in front of the premises known as 86-16 208th Street and 86-20 208th Street, Queens Village, County of Queens, City and State of New York, defendants JOHN DOES 1-2 and PETRUZZI,

without probable cause therefor, forcibly, wrongfully and unlawfully arrested the infant plaintiffs and, against the infant plaintiffs' own free will, caused them to be transported to the stationhouse of the 107th Precinct and to remain in custody for approximately four hours.

50. At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants JOHN DOES 1-2 and PETRUZZI were acting within the scope of their employment by defendant CITY OF NEW YORK.

51. By reason of the false arrest and false imprisonment committed against them by defendants JOHN DOES 1-2 and PETRUZZI, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, each infant plaintiff suffered and continues to suffer serious and permanent emotional injuries and lost time from his schooling.

52. As a result of the aforesaid acts of false arrest and false imprisonment committed against them by defendants JOHN DOES 1-2 and PETRUZZI, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, each of the infant plaintiffs has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

WHEREFORE, plaintiffs, JOSE TEXIDOR and AUDREY TEXIDOR as parents and natural guardians of M.T., an infant under the age of 14 years and SHEILA WALLACE and NORRIS WALLACE as parents and natural guardians of K.W., an infant under the age of 14 years, demand judgment against defendants, P.O. "JOHN DOES" 1-2, DETECTIVE JAMES PETRUZZI, Shield No. 5882, P.O. EDWIN SEPULVEDA,

Shield No. 744, COMMANDING OFFICER OF THE 107TH PRECINCT and THE CITY OF NEW YORK as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants JOHN DOES 1-2, PETRUZZI, SEPULVEDA and COMMANDING OFFICER OF THE 107TH PRECINCT; and

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants PETRUZZI and JOHN DOES 1-2.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
February 14, 2012

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2181 and 2182